Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile: (215) 540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LORENZO,<br><br>            Plaintiff,<br>    v.<br><br>PRA RECEIVABLES<br>MANAGEMENT, LLC,<br><br>            Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR**<br>**DEBT COLLECTION PRACTICES**<br>**ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE**<br>**ROSENTHAL FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

ANTHONY LORENZO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PRA RECEIVABLES MANAGEMENT, LLC ("Defendant"):

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692

PLAINTIFF'S COMPLAINT

*et seq.* ("FDCPA").   This statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of California and therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Canal Winchester, Ohio.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Defendant is a corporation specializing in debt collection with its principal place of business located in Lake Forest, California.

8.      Defendant's registered agent, National Registered Agents, Inc., is located at 818 West Seventh Street, Los Angeles, California 90017.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C.

PLAINTIFF'S COMPLAINT

§1692a(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all times material hereto, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by 15 U.S.C. § 1692a(5).

12.     The alleged debt originated from a motor vehicle loan with Santander, and arose out of transactions that were primarily for personal, family, or household purposes.  Further, Plaintiff does not owe any business debts.

13.     Between September 2013 and December 2013, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone to collect the alleged debt, causing Plaintiff's telephone to ring continuously.

14.     Defendant's harassing debt collection calls derived from numbers including but limited to (800) 642-6233 and (949) 858-0314.  The undersigned has confirmed that this number belongs to Defendant.

15.     Defendant's collectors, including individuals identifying themselves as "Matthew", "Georgia" and "Mark", called Plaintiff, multiple times a day, on a

near daily basis.

16.     During these calls, Defendant's collectors threatened to have Plaintiff's vehicle repossessed.

17.     During the time Plaintiff received the calls, he observed a tow truck driving past his home and then received a call from a tow truck operator stating "I heard you wanted to turn your car in."

18.     Plaintiff has never expressed a desire to "turn his car in".

19.     Further, on one occasion Plaintiff was at the hospital with his wife, received a call from Defendant's collector and stated that it was an inconvenient time to take the call and why, to which the collector said "people have bigger problems than that". The insensitivity of that statement was upsetting to Plaintiff and caused him to become angry and frustrated by the continuous calls and demeanor of Defendant's collectors.

20.     Plaintiff has at all times disputed owing the debt, recalling that it had been paid off through Santander several months before the calls began.

21.     Plaintiff asked Defendant to send documentation it possessed to show that the debt was outstanding, in the event Plaintiff was mistaken, but Defendant failed to do so

22.     Plaintiff also communicated with Defendant by email, both disputing the debt and requesting information, but received no response whatsoever.

23.    Frustrated by the repetitive calls, the discourteous nature of the collectors and the unwillingness to furnish documentation, Plaintiff instructed Defendant's collectors to stop calling him as the calls were unwanted. Despite this, calls continued.

24.    Once told the calls were unwanted and instructed to stop calling, Defendant had no lawful purpose for placing further calls.

25.    Defendant's actions as described herein were made with the intent to deceive, harass and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

27.    A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28.    Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being advised that the debt was disputed; when it continued to call Plaintiff after being told that the calls were unwanted; when it misrepresented the debt amount owed by Plaintiff; when threatening to have Plaintiff's vehicle repossessed; when making abusive statements regarding "people having bigger problems" and, when it engaged in other harassing, abusive and oppressive conduct.

## COUNT II
## <u>DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA</u>

29.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.     Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's home telephone; when it continued to call Plaintiff after being advised that the debt was disputed; and, when it continued to call Plaintiff after being advised that the calls were unwanted.

## COUNT III
## <u>DEFENDANT VIOLATED §§ 1692e and 1692e(10)OF THE FDCPA</u>

31.     A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32.     A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33.     Defendant violated §§ 1692e and 1692e(10) when it misrepresented the debt amount owed by Plaintiff; when it misrepresented that it could have Plaintiff's vehicle repossessed; and when it made other false, deceptive or misleading representations.

34.

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT IV
## <u>DEFENDANT VIOLATED § 1692e(2)(a) OF THE FDCPA</u>

35.     A debt collector violates § 1692e(2)(a) by falsely representing the character, amount or legal status of any debt.

36.     Defendant violated § 1692e(2)(a) when it sought to collect a debt that Plaintiff had paid off.

## COUNT V
## <u>DEFENDANT VIOLATED § 1692f OF THE FDCPA</u>

37.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

38.     Defendant violated § 1692f when it placed repeated and continuous harassing telephone calls to Plaintiff, even after being told that the debt was disputed and the calls were unwanted; when it misrepresented the debt amount to Plaintiff; when it threatened to have Plaintiff's vehicle repossessed; when it made abusive statements to Plaintiff about people having bigger problems than he had when referring to Plaintiff's wife in the hospital; when it refused to provide information to Plaintiff concerning this debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, ANTHONY LORENZO, respectfully prays for a judgment as follows:

PLAINTIFF'S COMPLAINT

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTHONY LORENZO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: July 25, 2014          By: /s/ Amy L. Bennecoff
                                  Amy L. Bennecoff (275805)
                                  Kimmel & Silverman, P.C
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Telephone: (215) 540-8888
                                  Facsimile (215) 540-8817
                                  Email: abennecoff@creditlaw.com
                                  Attorney for Plaintiff

PLAINTIFF'S COMPLAINT